[No 2182. Decided June 23, 1896.]

MAGGIE SECOR *et al.*, *Appellants*, v. THE OREGON IMPROVEMENT COMPANY, *Respondent*.

TRIAL—EVIDENCE RESPONSIVE TO ISSUES—INSTRUCTIONS.

Where no attack has been made upon an answer to a complaint in the lower court, the defendant is entitled to have the jury charged upon any phase of the case as made by the evidence, which is responsive to the issues.

Errors growing out of a charge are always to be disregarded when the verdict is so plainly in accordance with the evidence that it follows as a conclusion of law thereon.

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge. Affirmed.

*W. H. Thompson, E. P. Edsen*, and *John E. Humphries*, for appellants.

*S. H. Piles*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Appellant is the widow of William Secor, and as such, and as the guardian *ad litem* of

her minor child, brought this action to recover damages sustained by reason of the death of her husband, which was due to a casualty occurring in the coal mines of the respondent located at Franklin, as a result of which calamity thirty-seven lives were lost. A statement of the circumstances attending the disaster is set forth in the case of *Pugh v. Oregon Improvement Co.,* 14 Wash. 331 (44 Pac. 547).

The pleadings in the present case are, with the exception of names, identical with the pleadings in that case. Upon trial the jury returned a verdict for the respondent (defendant below) and the motion of appellant (plaintiff below) for a new trial having been overruled, judgment was entered upon the verdict, from which the plaintiff has appealed.

The errors relied upon for a reversal relate wholly to the charge given to the jury upon the trial. It is further claimed that there is no sufficient plea of contributory negligence in the case, that the defenses attempted to be set out are inconsistent, and that the legal effect of the attempted affirmative defenses amounts only to a denial. In reference to these objections to the pleadings we observe that no attack was made upon the answer in the lower court. The answer, after denying specifically nearly all of the material allegations of the complaint, sets out affirmatively :

(1). "That the death of said Secor was caused and occasioned solely by his own want of care and skill and lack of forethought in not immediately leaving said mine when notified, and on discovering that the same was on fire, and not through any carelessness, negligence or want of skill on the part of this defendant, its agents, servants or employees."

(2). "That the death of said Secor was caused and occasioned by a risk incident to the employment of

said Secor as a miner, and was a risk assumed by him in entering and remaining in the employ of defendant."

(3). "That his death was caused by the carelessness, negligence, or mistaken judgment of fellow-servants of said Secor."

To this answer no motion or demurrer was interposed in the lower court, nor was it objected upon trial that it was insufficient in any particular, and it was the right of the defendant to have the court instruct the jury upon any phase of the case as made by the evidence. It follows that the objections we are now considering cannot avail the appellant. Moreover, this court held in the *Pugh case* that similar defenses contained in the answer therein were well pleaded.

In relation to the alleged errors arising out of the court's charge we deem it sufficient to say that this case (as made by the proofs) differs in no essential feature from the *Pugh case,* save only that the undisputed testimony shows that Secor was working at a point where the first 'alarm given of the fire must have reached him, and from which he had ample time to pass in safety to the outside of the mine had he sought to do so. There was also uncontradicted testimony tending to show that he stopped at the fire. We held in the *Pugh case* that Pugh's negligence in neglecting to leave the mine, which he might have done with safety after having been warned of the fire, directly contributed to the result, and hence that a recovery could not be sustained. And what is there said is applicable to the present case upon the evidence. It follows, therefore, that the verdict in this case was right, regardless of any error (if error there was) in the charge.

In the very recent case of *Davis v. Gilliam,* 14

Wash. 206 (44 Pac. 119), this court held that errors growing out of a charge are always to be disregarded when the verdict is so plainly in accordance with the evidence that it follows as a conclusion of law thereon. We may add, however, that the charge, when considered as a whole, was as favorable to the appellant as the law entitled her to, and as it is not apparent that any prejudicial error was committed by the court below, the judgment will be affirmed.

HOYT, C. J., and SCOTT, DUNBAR and ANDERS, JJ., concur.