[No. 2281. Decided November 16, 1896.]

CHARLES HENRY PAYNE, *Appellant*, v. THE SPOKANE STREET RAILWAY COMPANY, *Respondent*.

APPEAL — GENERAL OBJECTIONS — NEGLIGENCE OF PASSENGER CARRIERS — DEGREE OF CARE — INSTRUCTIONS.

The objections that a statement of facts had not been settled in conformity with the law and that the appeal had not been legally taken, will not be considered, when no specific error has been called to the court's attention either in the brief or by reference to the transcript.

An instruction is erroneous which charges the jury in an action for injuries received by a passenger through defendant's negligence in running a street car at a high rate of speed, that "ordinary care is such care as persons usually engaged in the particular line of business in question ordinarily exercise in and about such business. If defendant in this case exercised such care at the time of the accident, it had discharged its full duty and plaintiff cannot re-

cover," since the highest degree of skill and care is required by law of a common carrier of passengers.

The failure of appellant to bring up more of the instructions than the paragraph complained of will not raise a presumption that the error was subsequently obviated by the court in its further instructions to the jury.

Appeal from Superior Court, Spokane County.— Hon. NORMAN BUCK, Judge.   Reversed.

*Winston & Winston*, for appellant :

The law very wisely exacts from a common carrier of passengers for hire, in the performance of his duties as such, the utmost care and skill which prudent men are accustomed to use under similar circumstances. 2 Shearman & R., Negligence (4th ed.), § 495; Redfield, Railways (6th ed.), 240; *Cogswell v. West St. Ry. Co.*, 5 Wash. 46; *Sears v. Seattle, etc., Ry. Co.*, 6 Wash. 227; *Coddington v. Railway Co.*, 102 N. Y. 66; *Fairchild v. Stage Co.*, 13 Cal. 599; *Chicago City Ry. Co. v. Engel*, 35 Ill. App. 490; *City & Suburban Ry. Co. v. Findley*, 76 Ga. 311; *Philadelphia & Reading Co. v. Bayer*, 97 Pa. St. 91; Ray, Negligence of Imposed Duties, 217; Booth, Street Railway Law, 450; Thompson, Carriers of Passengers, 200.

*Thomas C. Griffitts*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—The plaintiff was a passenger on one of defendant's cars, and while it was rounding a curve was thrown from it through the open doorway and injured.   He brought this action to recover damages, alleging that the defendant was guilty of negligence in running its car at a high and dangerous rate of speed around the curve.   The verdict was for the defendant and the plaintiff has appealed.

The respondent moves to strike the statement of facts on the ground that the same has not been settled in conformity with the law, and to dismiss the appeal on the ground that the same is not legally taken; but as no specific error has been called to our attention either in the brief or by reference to the transcript, the motion will be denied.

But a single question is raised upon the appeal and that is as to an instruction given by the court to the jury, that

" Ordinary care is such care as persons usually engaged in the particular line of business in question, ordinarily exercised in and about such business. If defendant in this case exercised such care at the time of the accident, it had discharged its full duty and plaintiff cannot recover."

It is contended that this instruction does not lay down the proper rule in such cases, and we think this contention is well taken, for the question was not whether the defendant had exercised such care as was usually exercised by persons in that particular business, but the question was whether it had exercised such care as the law required, and we think it is well settled that a common carrier of passengers is required to exercise the highest degree of skill and care which may reasonably be expected of intelligent and prudent persons engaged in that business, in view of the instrumentalities employed and the dangers naturally to be apprehended.

The respondent contends that the appellant should not be allowed to urge this question for the reason that he has not brought up all of the instructions of the court, and therefore that we should presume that proper instructions were subsequently given. We can not adopt this view of the practice. If the error

complained of could have been and was subsequently obviated by the court in its further instructions to the jury, the burden should be held to be upon respondent to show it, and it should have seen to it that such instructions were made a part of the record on the appeal.

Reversed.

HOYT, C. J., and ANDERS, GORDON and DUNBAR, JJ., concur.