[No. 2660. Decided January 3, 1898.]

KIRKLAND LAND AND IMPROVEMENT COMPANY, *Respondent,* v. WM. A. JONES, *Appellant.*

PROMISSORY NOTES—RAISING QUESTION OF SURETYSHIP—BANK AS PAYEE—FAILURE TO APPLY MAKERS' DEPOSIT—RIGHT TO REFUSE PARTIAL PAYMENT—INSTRUCTIONS—HARMLESS ERROR.

The question of suretyship upon a promissory note cannot be raised by defendant in an action in which the alleged principal does not appear, as in such case a judgment cannot be rendered that the property of the principal be first exhausted before resort to that of the surety.

The fact that a bank to which a promissory note was made payable had funds of the principal maker on deposit subsequent to its maturity, whose application he had directed in part payment of the note would not discharge the surety, as the bank was not bound to accept less than the full amount due.

The failure of a bank to apply a depositor's funds to the payment of his note held by the bank, would not constitute a defense to an action upon the note itself, although demand may have been made upon the bank to have the deposit so applied.

Where a verdict is clearly right under the evidence, error in giving or refusing instructions is not prejudicial.

Appeal from Superior Court, Snohomish County.—Hon. JOHN C. DENNEY, Judge. Affirmed.

*Hastings & Stedman,* for appellant.

*Francis H. Brownell,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was brought upon two promissory notes made by the defendants Wm. A. Jones and J. P. Hendricks in favor of the Puget Sound National Bank of Seattle. The notes were for $500 each, and matured, one in sixty, and one in ninety, days. Upon one of the notes the sum of $279.25 was paid. Some time after their

maturity they were assigned to the plaintiff in the present action. The defendants are both non-residents of this state, and a writ of garnishment was issued in the action and served upon the Puget Sound National Bank as garnishee. The amended answer of the garnishee set forth that, at the time the writ was served upon it, it had in its possession and under its control the sum of $750 belonging to the appellant Jones. The defendant Hendricks did not appear in the action. The appellant Jones did appear and answered. For a first affirmative defense to one of the notes sued upon the appellant alleged that he signed it solely as surety for Hendricks, and that he received no consideration therefor, and he asked that in the event of anything being found due upon the note, the property of his principal should be first exhausted before resort should be had to his property. For a second affirmative defense to the same note he alleged that it was payable to the Puget Sound National Bank, and that the bank had in its possession and under its control funds with which to satisfy and pay off the note, which funds it had in its possession to the credit of the said Hendricks on the date when the bank pretended to assign the note to the plaintiff, and that plaintiff had notice thereof.

For an affirmative defense to the remaining note the appellant alleged that at the date of the assignment thereof to the plaintiff the bank had in its possession and under its control sufficient funds *to the credit of the appellant* for the purpose of paying the note. The plaintiff demurred to each of these affirmative defenses. The demurrer was overruled and the trial resulted in a verdict and judgment for plaintiff upon each of the notes, and from that judgment this appeal is taken.

We think the answer of the appellant was wholly insufficient to constitute a defense.

1st. Considering the so-called defenses in their order we think the fact, that as to one of the notes appellant was a surety merely, constituted no defense to the action, and did not entitle the defendant to the relief which he sought. Hendricks was not served with summons and the court did not acquire jurisdiction over any of his property. Neither did he appear in the action.

Section 758, 2 Hill's Code (Bal. Code, § 5707), does not apply where the court has no jurisdiction to render a judgment against the principal; in other words, that section applies only where the parties are all before the court and the fact of one of the defendants being surety for the other can be determined in the same action without prejudice or delay to the plaintiff being occasioned thereby. It is true that an attachment was levied upon the interest of the defendant Hendricks in certain mining properties, but it also satisfactorily appears from the record that he had no interest in the property so levied upon at the date thereof.

2d. Nor do we think that the mere fact that the bank, at the time when it assigned the note to the plaintiff, had money in its hands to the credit of Hendricks, can avail the appellant. *Second National Bank v. Hill*, 76 Ind. 223 (40 Am. Rep. 239); *Voss v. German-American Bank*, 83 Ill. 599 (25 Am. Rep. 415); *National Mahaiwe Bank v. Peck*, 127 Mass. 298 (34 Am. Rep. 368).

The money deposited to Hendricks' credit in the bank was his portion of the proceeds of a sale of certain mining claims and it appears that the same was deposited with the bank by the purchaser. Upon the trial appellant was permitted to introduce the deposition of Hendricks. As a part of his deposition he attached what purported to be a copy of a letter by him mailed to the bank, in which letter he gave instruction as to the disposition of the amount of his deposit with the bank. The letter is as follows:

" I am in receipt of notice from the U. S. Land Office of the favorable termination of the contest of A. G. Komeran, Louis Bronson, etc., against J. P. Hendricks and wife, affecting Monte Cristo mining claims. A contract, deed and bond has been in your possession since April, 1893; I will ask you to refer to the provisions of the said contract and accept payment if promptly made as therein provided in said contract. You are authorized to make payment as follows: First, pay to Puget Sound National Bank, the amount of $461.95 and interest from October 9, 1893. This is the balance due from me on the notes of Jones and Hendricks. Second, pay to J. Compton, Commissioner, Kirkland Land & Improvement Company, $94.00 on the delivery of a deed to lot 15, block 186, Kirkland. The balance you will please forward to me."

It is conceded that the sum which Hendricks by this letter authorized the bank to apply to the payment of the note was insufficient to pay it in full. Therefore the bank was not obliged to accept it. The note which it held contained the signatures of two parties, and until the full amount of the indebtedness represented by it was paid, the bank had the undoubted right to refuse to accept any less sum in discharge of the liability of either party. That, at most, is all that this evidence tended to show.

3d. What has been said concerning the so-called second affirmative defense to the first note is equally applicable to the defense urged to the second note. But in addition thereto it further appears that the sum which the bank had, belonging to Jones, was also $750, and was deposited at the same time that Hendricks' was. In his deposition, which was read in evidence on the trial, the appellant testified that he had requested the bank's cashier " to apply so much of the money due me as might be needed to pay any claims which the bank might have against me, in case the notes were not paid before the mining stock was taken out of escrow." This was at most a mere request or authoriza-

the credit of the appellant in payment of these notes. The tion to the bank to apply the money on deposit with it to amount was not sufficient for that purpose. And, even if it had been a peremptory demand that the amount of the deposit should be so applied, the failure of the bank to apply it would constitute no defense in an action upon the note itself, under the cases above cited.

4th. We have thus far considered the case upon the assumption that the notes were assigned to the plaintiff merely for the purpose of collection, but the evidence overwhelmingly shows that the plaintiff was the absolute owner of the notes and had paid a good and sufficient consideration therefor. And while, in answer to the interrogatories propounded to the plaintiff prior to the trial, its president answered that the notes had been assigned to it for collection, conclusive evidence was given at the trial upon the part of plaintiff that the answers of its president in that respect were mistakenly made, and that the plaintiff was in fact the *bona fide* owner and holder of the notes at the time when the suit was instituted.

The verdict was therefore right under the evidence, and the only one which could be permitted to stand, and if there was any error committed in giving or refusing instructions it was harmless merely. *Davis v. Gilliam,* 14 Wash. 206 (44 Pac. 119).

We have carefully examined the entire record, and are led to the conclusion that upon the law and the facts of this case the judgment was right, and it must be affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.