[No. 2826. Decided February 5, 1898.]

LOUISA M. KELLOGG, *Appellant*, v. NELLIE S. COOK, *Respondent*.

APPEAL — HARMLESS ERROR — DELIVERY OF DEED — EVIDENCE.

A judgment will not be reversed because of error in giving or refusing instructions when the verdict rendered is manifestly in accordance with the evidence.

The recording of a deed which imposes an obligation upon the grantee to assume and pay a pre-existing mortgage, is not *prima facie* evidence of the delivery and acceptance of the deed.

Appeal from Superior Court, Spokane County.—Hon. JESSE ARTHUR, Judge. Affirmed.

*D. W. Henley,* and *Fenton & Saunders,* for appellant:

Where the deed is made with the grantee's knowledge and consent, and especially where such grantee accepts the benefits, he takes the title subject to such restrictions and upon such conditions as the grantor imposes, and in such case the grantee is bound by the clause of assumption. Devlin, Deeds, §§ 1076, 1077. In such case, oral evidence is inadmissible to establish that the grantee had never agreed to assume and pay the mortgage, nor authorized or knew of the insertion of such agreement in the deed. Devlin, Deeds, § 1065; *Coolidge v. Smith*, 129 Mass. 554. It is an elementary rule of law that every person is presumed to read the deed under which he holds, and a failure to read certain recitals contained in the deed cannot avail him as a defense when it is sought to charge him with notice. Devlin, Deeds, §§ 1000, 1002; *Hamilton v. Nutt*, 34 Conn. 501.

*R. J. Danson,* for respondent:

A person is not bound by a statement in a deed that he assumes and agrees to pay another's debt of which he has never heard. In order to create such liability, plaintiff must show by a clear preponderance of the evidence that the deed was delivered and that the obligation was intended by the one and knowingly assumed by the other. *Stuart v. Hervey*, 53 N. W. 1032; *Elliott v. Sackett*, 108 U. S. 141 (Book 27, L. C. P. Co. 678). If a deed is made without the grantee's knowledge or consent, he naturally cannot be bound by an obligation which the grantor desired to impose, but which the grantee never agreed to assume. In such a case a grantee is not bound by a clause of assumption, when he repudiates the deed as soon as he learns of its existence. 2 Devlin, Deeds, § 1077; *Stevens Institute v. Sheridan*, 30 N. J. Eq. 23; *Culver v. Badger*, 29 N. J. Eq. 74.

The opinion of the court was delivered by

GORDON, J.—The complaint in this action alleges that in October, 1889, one Josephine Gibbs executed to the plaintiff (appellant) a mortgage on lots 5 and 6, block 36, in Railroad addition to the city of Spokane to secure the payment of the sum of $7,000. That thereafter the defendant (respondent here) purchased the property from the said Josephine Gibbs and assumed and agreed in her deed of purchase to pay off the said mortgage; that said deed of purchase was accepted by the defendant and filed for record and thereafter recorded in the office of the auditor. This action is upon the assumption clause contained in the deed. The answer denied the material allegations of the complaint and pleaded affirmatively a former adjudication, but the affirmative plea was abandoned on the trial. From a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial the plaintiff has appealed. There are twenty-eight specific assignments of error set out in the brief of appellant, and they relate entirely to rulings of the court in receiving and excluding evidence at the trial, and to instructions given and refused. Without specifically referring to them we think it sufficient to say that no error was committed in the various rulings of the trial court in regard to the admission or exclusion of evidence. We have carefully examined and considered the evidence given at the trial, and as a result we are unanimously of the opinion that the verdict was right, and that the judgment entered upon it must be affirmed, without regard to whether technical error was committed by the court in charging the jury. The rule established in this state—and generally followed elsewhere —is that "a judgment will not be reversed because of error in giving or refusing instructions, when the verdict rendered is manifestly in accordance with the evidence"

*(Davis v. Gilliam,* 14 Wash. 206, 44 Pac. 119), and we have been unable to find any evidence, or offer of evidence, tending to show that the respondent ever accepted the deed containing the assumption clause, or that it was ever delivered to her or to any agent authorized to receive it.

"The recording of a deed which imposes an obligation upon the grantee to assume and pay a pre-existing mortgage is not *prima facie* evidence of its delivery and acceptance, though it may be such evidence when the deed does not establish any contract against the grantee." 1 Jones, Mortgages, § 752.

See, also, *Thompson v. Dearborn,* 107 Ill. 87.

The contention of the respondent at the trial was that she paid to Mrs. Houghton (a real estate dealer in the city of Spokane, and agent of Mrs. Gibbs, the owner) a sum of money for an option upon a quarter interest in the property; that Mrs. Essig also purchased a quarter interest and Miss Noyes a half interest; that respondent never authorized Mrs. Houghton or any one else to receive a deed or to assume any personal liability on account of the plaintiff's mortgage. We think the great weight of the evidence supports her contention, and that, had the verdict been in appellant's favor, it would have been the duty of the trial court to have set it aside as against the evidence in the case. In this view, it becomes unnecessary to determine whether there was error in the charge, but, considered as a whole, we think it was not unfavorable or prejudicial to the appellant, and the judgment must be affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.