Godfrey and Smith v. Hutchinson Wholesale Grocer Co.

J. T. GODFREY AND J. W. SMITH V. THE HUTCHINSON
WHOLESALE GROCER COMPANY.

(Filed February 5, 1903.)

**INSTRUCTION—Presumed Regular, When.** Where the record does not contain the evidence upon which the instructions were based, it will presumed that it was of such a nature and character as to warrant the trial court in giving the instructions, unless it appears that they would be erroneous upon the issue joined and every state of the evidence.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before John L. McAtee, Trial Judge.*

*Mackey & Simons, Karnes, New, Hall & Krauthoff, Samuel Feller* and *O. H. Martin,* for plaintiffs in error.

*Frank L. Martin* and *George A. Vandeveer,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action in replevin brought in the district court of Grant county on the 16th of November, 1897, by the Hutchinson Wholesale Grocer company against the plaintiffs in error, defendants in the court below, to recover possession of a stock of goods alleged to have been in possession of the defendants by virtue of a writ of attachment levied on said stock of goods on the 15th day of November

of said year. The plaintiff based its action upon two chattel mortgages executed to it by Lattin Brothers. To the plaintiff's petition the defendants answered by a general denial. The cause was tried to a jury, and a verdict returned in favor of the plaintiff, and judgment entered accordingly. From this judgment the defendants bring the case here on what purports to be a transcript of the record. This transcript contains only the pleadings, instructions of the court, verdict, motion for new trial and the judgment. None of the evidence has been incorporated in the transcript and brought to this court.

The plaintiffs in error seek to reverse the judgment on the ground that the court erred in its instructions to the jury. Since the record contains none of the evidence or any statement of what the testimony tended to prove, the error assigned is not available.

Where the record does not contain the evidence on which the instructions were based, it will be presumed that it was of such a nature and character as to warrant the trial court in giving the instructions, unless it appears that they would be erroneous upon the issues joined, and every state of the evidence. But it is contended that the instructions of the court fall within the exceptions to the rule herein announced. In other words that instruction one, which charged the jury that the two mortgages offered in evidence, and copies of which are attached to the petition and incorporated in the transcript, were upon their face valid and legal instruments, is erroneous under any conceivable state of facts. If the mortgages are void on their face the position of counsel is well taken. Are the mortgages void upon their face? It is contended that

the Hopkins mortgage is void because it contains the following provision:

"It is agreed that said K. W. Lattin shall have possession of said stock of merchandise and personal property as the agent of the said C. M. Hopkins, and may dispose of said goods and merchandise in the course of trade by retail and continue to carry on the business of general merchant in said town of Manchester, Oklahoma, as the agent of the said C. M. Hopkins, and said K. W. Lattin shall deposit the receipt of said sales in the First National Bank of Anthony, Kansas, for the use of said C. M. Hopkins until the debt thereby secured is fully paid, first deducting from such receipts the expenses of carrying on the business and monthly salary of forty dollars for the services of said K. W. Lattin as such agent."

It is true that the settled law of this territory is that where a mortgagor is allowed to retain possession of the mortgaged property with an agreement to sell and dispose of the same in the ordinary course of trade, and apply the proceeds to his own use, the mortgage is absolutely void as against the creditors of the mortgagor. (*Bank of Perry v. Cooke,* 3 Okla. 53; *Hixon v. Hubbell,* 4 Okla. 224; *W. T. Little Co. v. Burnham et al.* 5 Okla. 283; *Ranney-Alton Co. v. Watson,* 10 Okla. 675.)

But the case at bar is clearly distinguishable from those cases. In *Hixon v. Hubbell* this court expressly declared that a mortgage of chattels, which contains a power of sale conditioned that the proceeds of such sales shall be applied to the payment of the mortgage debt, is not *per se* fraudulent, as to the creditors of the mortgagor. The question of fraud

is one of fact, to be determined by the court or jury, and if made in good faith, such mortgages are valid, and will be enforced.

In our opinion the mortgages are *prima facie* valid, and the court properly instructed the jury in that respect. We have examined all the instructions given by the trial court, to which our attention has been directed, and cannot say in the absence of the evidence as a matter of law that they are erroneous, and prejudicial to the rights of the plaintiffs in error.

The judgment of the district court is therefore affirmed at the costs of the plaintiffs in error.

All the Justices concurring.