[No. 5769. Decided December 8, 1905.]

J. M. DENNY, *Appellant,* v. J. W. KLEEB, *Respondent.*[1]

MASTER AND SERVANT — NEGLIGENCE — INJURY TO SERVANT PILING LUMBER — CONTRIBUTORY NEGLIGENCE — FELLOW SERVANTS — NONSUIT. An employee who is injured by the falling of lumber piled by himself and by two fellow servants, is guilty of contributory negligence and assumes the risk, where it appears that he was experienced and was as capable of realizing the danger as the foreman, who had nothing to do with piling the lumber further than to direct the plaintiff where to do his work.

APPEAL—REVIEW—ERROR CURED BY VERDICT. In an action for personal injuries, error in refusing to give instructions as to the burden of proving plaintiff's contributory negligence is harmless, where the jury by special verdict find that the defendant was not guilty of negligence.

APPEAL—REVIEW—HARMLESS ERROR AS TO EVIDENCE. In an action for personal injuries, cross-examination of the attending physician showing that the defendant paid for his services, although on his examination in chief the witness gave no testimony as to his charges, is not error prejudicial to the plaintiff, where by a special verdict the jury found the defendant not guilty of any negligence.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered December 29, 1904, upon the verdict of a jury rendered in favor of the defendant after a trial on the merits, in an action for personal injuries sustained by a mill employee through the falling of a pile of lumber. Affirmed.

*Maurice A. Langhorne* and *R. W. Ruffin,* for appellant.

*H. W. B. Hewen* and *Charles E. Miller,* for respondent.

CROW, J.—Action by appellant, plaintiff below, to recover damages for personal injuries. From a judgment in favor of the defendant, respondent here, this appeal has been taken.

Appellant, J. M. Denny, for a period of about eight months, had been an employee of respondent, J. W. Kleeb,

1Reported in 82 Pac. 920.

who was the owner of, and operating, a sawmill at South Bend, in Pacific county. In connection with said mill, respondent maintained a certain dry shed, which is conceded to have been substantial, well built, and adapted to the purpose of storing lumber, placed in large piles therein, and separated according to sizes and grades. There were three alleys running through said shed, each about fifteen feet in width. On January 31, 1903, appellant and two fellow servants were assorting and piling six-inch boards in the middle alley. While so employed, said lumber fell upon appellant, inflicting serious injuries.

The complaint, in substance, charged respondent with negligence, in that the lumber which fell upon appellant had been piled at the instance, and under the direction, of one Hagan, respondent's foreman; that appellant had complained to Hagan, telling him there was insufficient space within which to pile the identical lumber that afterwards fell; that, on the afternoon of the day of the accident, he again called Hagan's attention to the lumber, stating he was afraid it would fall, but was assured by Hagan that it was perfectly safe; that, relying on these assurances, he continued work until he was injured; that the respondent was negligent in not providing him with a safe place in which to work, negligent in compelling him to work in a small, cramped, and narrow space, and negligent in assuring him there was no danger.

Respondent, by his answer, denied all said allegations of negligence, and affirmatively pleaded assumption of risk, contributory negligence, and that the injuries were caused by the acts of appellant's fellow servants. These affirmative allegations were denied by the reply. On the trial it was conceded, that the dry shed was a good, substantial, and proper structure for the purpose for which it was used; that appellant had worked at assorting and piling lumber therein for about eight months prior to the accident; and that the particular pile of lumber which fell was constructed by him-

self and two fellow servants. A verdict was returned in favor of respondent, and judgment was entered thereon.

Appellant contends that the trial court erred, (1) in refusing to charge the jury that the burden of proof was on respondent to establish the several affirmative defenses made by him, to wit, assumption of risk, contributory negligence, and negligence of fellow servants; (2) in giving certain instructions requested by respondent, and also given by the court of its own motion; (3) in refusing to sustain objections to certain questions propounded to one of appellant's witnesses on cross-examination.

The record shows certain interrogatories which were propounded to, and answered by, the jury, as follows:

"(1) Did the defendant furnish a substantial building, having a solid and safe floor, for plaintiff to pile lumber in? Answer: Yes. (2) Was the lumber furnished plaintiff to pile of the usual and ordinary character? Answer: Yes. (3) Was it the duty of the plaintiff to pile lumber, in the defendant's dry shed, in a careful and safe manner? Answer: Yes. (4) Did the defendant or his foreman, or either of them, give plaintiff and the men working for him, any instructions about piling lumber, except that it must be done in a safe and careful manner? Answer: No. (5) Was foreman Hagan's attention, at any time, called to the pile of lumber which fell on plaintiff, by any person? Answer: No. (6) Were the plaintiff's fellow servants reasonably careful and competent workmen for piling lumber? Answer: Yes."

The trial judge instructed the jury that the burden of proof was upon appellant to show acts of negligence on the part of respondent, as alleged in the complaint, but failed to instruct that the burden of proof was on respondent to sustain his affirmative defenses of assumption of risk, contributory negligence, and negligence of fellow servants, although such charges were requested by appellant before the jury retired. Conceding this to have been error, the question arises, was such error prejudicial?

Respondent, at the close of appellant's case, moved the

court for a nonsuit, which motion was denied, the trial judge at the time saying: "I think I shall submit it to the jury on proof, rather than take chances on error now by granting a nonsuit." Again, at the close of all the evidence, respondent moved the court to instruct the jury to find a verdict in his favor, which motion was also denied. Respondent now contends that his motion for a nonsuit should have been granted; or, if not, that his motion for a directed verdict was well taken, and that, if he is right in either of these contentions, the charges given or refused by the court, even if erroneous, became immaterial and do not constitute prejudicial error, the verdict of the jury being the only one that could be reached under the evidence. Respondent further contends that, even though his positions as above stated are not well taken, the judgment should be affirmed without regard to the instructions given or refused, by reason of the special findings made by the jury in their answers to the special interrogatories propounded to them by the court.

We think respondent's contention should be sustained. In our opinion he was entitled to a nonsuit, for even though it be conceded that appellant complained to Hagan, who directed him to proceed with the work, assuring him there was no danger, yet the evidence clearly shows the lumber was piled exclusively by appellant and his fellow servants, in such manner as they themselves determined, and that, if it was not properly piled, the negligence was that of the appellant himself, and his fellow servants, for which the master was not liable. It also appears, that appellant was an experienced man, forty years of age; that he had been engaged in this work for a period of eight months or more; that he was as capable of seeing and realizing any danger as was Hagan; that, if any danger existed, he knew it and, by continuing his work, assumed the risk. There is not evidence sufficient to show that Hagan had any knowledge superior to that of appellant, or that he had anything whatever to do with the

piling of the lumber, further than to direct respondent where to do his work.

Assuming, however, that respondent was not entitled to a nonsuit, yet it having been conceded that the dry shed was a safe, substantial, and proper structure, no negligence could be charged against respondent unless such negligence arose by reason of some act of himself or of his foreman Hagan. No personal act of negligence is shown on his part, and the special findings negative any such acts on the part of Hagan. These findings could have been in no way dependent upon, or caused by, the action of the court, either in refusing instructions requested, or in giving those excepted to by appellant, but are clearly warranted by the evidence. The jury having found respondent not guilty of negligence, the question of the existence or non-existence of contributory negligence on the part of appellant became immaterial, and any failure of the court to instruct the jury as to the burden of proof did not constitute prejudicial error, for appellant could in no event recover in the absence of any showing of negligence on the part of respondent. A judgment will not be reversed because of error in giving or refusing instructions, when the verdict rendered is manifestly right and in accordance with the evidence. In other words, errors growing out of a charge are always to be disregarded when the verdict is so plainly in accordance with the evidence that it follows as a conclusion of law thereon. *Davis v. Gilliam,* 14 Wash. 206, 44 Pac. 119; *Secor v. Oregon Improvement Co.,* 15 Wash. 35, 45 Pac. 654. In *Kellogg v. Cook,* 18 Wash. 516, 52 Pac. 233, this court said:

"We have carefully examined and considered the evidence given at the trial, and as a result we are unanimously of the opinion that the verdict was right, and that the judgment entered upon it must be affirmed, without regard to whether technical error was committed by the court in charging the jury. The rule established in this state—and generally followed elsewhere—is that 'a judgment will not be

reversed because of error in giving or refusing instructions, when the verdict rendered is manifestly in accordance with the evidence.' "

Appellant in his complaint has included, as one of his items of damage, the sum of $140 for treatment which became necessary on account of his injuries. Dr. Martin, a witness on behalf of appellant, was the physician who had attended him. On his examination in chief he gave no testimony as to charges made by him. The respondent, on cross-examination, was permitted, over appellant's objection, to show that Dr. Martin had treated appellant at the instance and direction of respondent, who had paid for his services. We fail to see any prejudicial error in permitting this cross-examination.

The judgment is affirmed.

MOUNT, C. J., ROOT, DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.