[No. 9415. Department One. June 8, 1911.]

## D. M. MORGAN et al., Appellants, v. BANKERS TRUST COMPANY, Respondent.[1]

APPEAL—REVIEW—INSTRUCTIONS—RECORD—NECESSITY OF EVIDENCE. Error in instructions to the jury cannot be reviewed on appeal in the absence of the evidence or any statement of facts on appeal from which it can be ascertained that the instructions were prejudicial to the appellant under the testimony produced and the verdict rendered.

APPEAL — REVIEW — HARMLESS ERROR — PRESUMPTIONS. The presumption of prejudice from error in instructions on the issues presented by the pleadings is overcome by the presumption in favor of the judgment, where the evidence on which the verdict was based is not brought up on appeal.

GOSE, J. dissenting.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 29, 1910, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained by a passenger in an elevator. Affirmed.[2]

*Hayden & Langhorne*, for appellants.

*Kerr & McCord* and *Hudson & Holt* (*Charles Arnold*, of counsel), for respondent.

PARKER, J.—This action was commenced by the plaintiffs to recover damages for personal injuries, which they allege resulted to the plaintiff Annie E. Morgan from the negligence of the defendant in the operation of the elevator in its building in Tacoma while she was a passenger thereon. Issue being joined by the pleadings as to the defendant's negligence, a trial was had, resulting in a verdict and judgment in favor of the defendant. The plaintiffs moved for a new trial, which was overruled, and thereupon appealed from the judgment and the order overruling the motion.

[1]Reported in 115 Pac. 1047.

[2]Rehearing pending.

Appellants ask us to review certain instructions given by the court to the jury. They have not brought here by bill of exceptions or statement of facts any of the evidence introduced upon the trial. The instructions, being in writing and signed by the judge, were filed in the case and are brought here in the clerk's transcript. It is contended by counsel for respondent that we cannot review the questions presented upon the alleged error in the giving of these instructions, because the evidence not being before us it cannot be said that any prejudicial error resulted to appellants. The question then for our solution is, can it be determined from this record that the giving of these instructions was so prejudicial to appellants' rights as to call for a reversal of the judgment and the granting of a new trial. In other words, must we presume that the verdict and judgment were erroneously rendered, and the motion for new trial erroneously overruled, solely because of the giving of these instructions, assuming, for the sake of argument, that they do not state the law applicable to the issues in the case.

It seems to us that, in the absence of the evidence upon which the verdict and judgment were rendered, we are unable to say that such disposition of the cause was erroneous. It may be that the evidence was such that respondent was entitled to a verdict and judgment in its favor as a matter of law, and that the court would upon that ground have sustained a motion made by respondent for judgment in its favor notwithstanding the verdict, had the verdict been against it. Hence, the final disposition of the case may have been correct however erroneous the instructions may be which are here sought to be reviewed. The question of whether or not instructions brought before the court upon appeal, accompanied only by a record such as we have here, can be reviewed does not appear to have heretofore been presented to this court. We think, however, that there have been some decisions by this court and the territorial court which, by

analogy, support the view that such error will not result in the reversal of the decision of the trial court upon such a record as we have here.

In the early case of *Brown v. Forest*, 1 Wash. Ter. 201, the court said:

"Every plaintiff in error brings up for trial the *decision* of the court below, and assumes the burden of showing that it was erroneous. In his precipe he is required to state the charges he makes against it. The precipe herein is not very clear in its assignment, but we shall consider it as charging error in the giving of the instruction which is set out in the bill of exceptions. On the rectitude of that instruction we are under no obligation to decide; because the plaintiff in error has not shown that he was prejudiced thereby, even if it were wrong. All the instructions given in a case are to be taken together, for one may so modify another that what seems wrong, if taken alone, may, considered with the rest, constitute the correct law of the case; so that he who would have the law of his case reviewed must bring here all of it, or need bring none. This plaintiff in error has not done this, and so we cannot say whether the rulings in his case were law or not. His bill of exceptions produces some law that was given, but does not state that such was *all* that was given; even if that produced was incorrect, we would not therefore contravene the presumption which goes in favor of the rectitude of the decision below, but would rather presume, in the absence of a showing to the contrary, that further instructions were given which corrected that stated in the bill."

See, also, *Thompson v. Territory*, 1 Wash. Ter. 547; *Oregon R. & Nav. Co. v. Galliher*, 2 Wash. Ter. 70, 3 Pac. 615.

If the appellate court will indulge the presumption that other instructions may have been given than the ones claimed to be erroneous, rendering the giving of them at most harmless error, when such instructions are brought before it by a record which does not affirmatively show that they were all that were given, upon the same principle, we should here presume that the final disposition of this case was correct, notwithstanding the erroneous instructions brought before us,

since it is easy to see that if the evidence was here it might show that the judgment was in any event a proper one. The disposition of the motion for a new trial was the last act of the court. It then had before it for review the entire case upon which it is presumed to have disposed of that motion, and while the court may have then considered that its instructions to the jury were erroneous, it may also have rightly based its disposition of the motion upon the theory that the judgment was in any event the one that respondent was entitled to as a matter of law under the evidence. It may be suggested that the case of *Payne v. Spokane St. R. Co.*, 15 Wash. 522, 46 Pac. 1054, is not in harmony with this view, since there the court reviewed an instruction when it was claimed that all of the instructions had not been brought up in the record. It will be noticed, however, that there was a statement of facts in that case, and at that time instructions had to be brought to the appellate court by bill of exceptions or statement of facts. It seems to us that the court in that decision simply presumed that the statement of facts contained all of the facts occurring in the cause which could throw any light upon the question of the correctness and prejudicial effect of the instruction there reviewed. The above quotation from *Brown v. Forest, supra,* may possibly seem somewhat broader in its meaning than we would now regard as strictly correct, in view of the decisions in *Bruce v. Foley,* 18 Wash. 96, 50 Pac. 935; *Smith v. Glenn,* 40 Wash. 262, 82 Pac. 605, where it was held that it was not necessary to bring up a record of all evidence and proceedings in the cause in order to review every possible error occurring therein, but that any error might be reviewed by bringing up a record of all of the evidence and proceedings material to a full consideration of the error sought to be reviewed and its possible prejudicial effect. In any event it is necessary to have the record before us affirmatively show in some manner that it contains all of the matters occurring in the cause material to the question sought to

be reviewed. This view is supported in principle by *Carpenter v. Barry*, 26 Wash. 255, 66 Pac. 393, where the court said:

"The appellants assign as error the action of the court in rendering judgment in excess of the verdict. Inasmuch, however, as they have not brought up with their appeal either a statement of facts or bill of exceptions showing the circumstances under which the judgment was rendered, it is manifest that this question is not here for review. It is not error in every instance and under all circumstances for a court to enter a judgment in excess of a verdict; hence, before the appellate court can say it is error so to do in any particular case, sufficient facts must be shown to make it appear that the action of the court is unwarranted in that particular case. Error is never presumed. The record must show it affirmatively."

This court has recognized and followed the familiar rule that a verdict and judgment to which the successful party is entitled as a matter of law under the evidence will not be reversed because of erroneous instructions given to the jury. In *Davis v. Gilliam*, 14 Wash. 206, 44 Pac. 119, the court said:

"It is a familiar rule that a good verdict cures all errors and irregularities in the proceedings, and that errors growing out of a charge are always to be disregarded when 'the verdict is so plainly in accordance with the evidence that it follows as a mere conclusion of law thereon.' Thompson, Trials, § 2403."

See, also, *Secor v. Oregon Imp. Co.*, 15 Wash. 35, 45 Pac. 654; *Kellogg v. Cook,* 18 Wash. 516, 52 Pac. 233.

We have not overlooked the presumption of prejudice which generally follows an erroneous ruling by the trial court. This, however, is only a presumption resting alone upon the ruling itself, and may be overcome by something else occurring in the cause. In *Collett v. Northern Pac. R. Co.*, 23 Wash. 600, 63 Pac. 225, it is said:

"The litigant has a right to have his case tried in a legal manner, and his legal rights protected by the court, and,

when a legal right is invaded or denied by the court, the rule which has often been announced by this court, and which we think is universal, is to the effect that, error having been committed, it will be presumed to be prejudicial error, unless it affirmatively appears from the record that it was not prejudicial."

In *Gray v. Washington Water Power Co.*, 30 Wash. 665, 71 Pac. 206, the court observed:

"An appellate court will not be justified in reversing a judgment where an error has been committed if it further appears from the whole record that such error is immaterial, or, in other words, if the record, as a whole, overcomes the presumption of prejudice which is established by the commission of error, and shows affirmatively that no substantial rights of the appellant have been injuriously affected."

We are led to conclude that, in the absence of the evidence upon which the verdict and judgment were rendered, the presumptions in support of the judgment overcome the presumption of prejudice arising from erroneous instructions in this case, assuming for argument's sake only, that the instructions complained of do not correctly state the law.

The judgment is affirmed.

Dunbar, C. J., Mount, and Fullerton, JJ., concur.

Gose, J. (dissenting)—I think the instructions in this case are clearly erroneous. Introductory to the seventh instruction, the court said:

"In the operation of elevators in buildings such as that owned by the defendant Bankers Trust Company, the defendant has the right to assume that individuals using such passenger elevators and transacting business in such buildings are individuals in the usual and accustomed bodily health and strength."

A part of the tenth instruction is in the following language:

"The defendant cannot be convicted of negligence in stopping so suddenly that a jar or recoil may or may not occur,

16—63 WASH.

nor can the defendant be convicted of any negligence in stopping an elevator in its building so suddenly and with such a jar as would not adversely affect the health of a person in a normal condition of health and strength. Accordingly, if you find from the evidence in this case that had a person in a normal condition of health and strength been in said elevator with said operator at the time plaintiff alleges she was injured, and if such person in a normal condition of health and strength would not have in any manner been hurt or injured by the manner in which it was stopped, then your verdict in this case should be for the defendant, even though you believe that the plaintiff might have received a shock that resulted in injury to her by and through the manner in which the elevator was handled by said operator, provided, any condition of bodily infirmity of the plaintiff was unknown to the operator of the elevator."

We excerpt from the respondent's brief the following pertinent language:

"Judging from the pleadings and the suggestions contained in the instructions, the case is one where a neurasthenic woman went into an elevator for the purpose of being transported, and while being so transported for her accommodation and to enable her to leave the elevator at a certain floor, the operator of the elevator stopped it suddenly and caused a recoil of several inches, which produced a slight jar which she claimed caused permanent and serious injuries."

The applicable principle of law is stated in 6 Cyc. 598, as follows:

"The general rule as to the duty to care for the safety of its passengers is applicable in case of passengers who are suffering from some infirmity or disability. And certainly this is true, even if the servants of the carrier have no knowledge or reason to believe that the passenger is laboring under a disability. But the servants are presumed to know that persons in feeble health may be passengers, and if such persons are injured by negligence in operating the train, they are entitled to recover, even though the injury would not have happened to a person in sound health."

The instructions quoted are, in effect, that if the elevator was negligently operated, the respondent having no knowledge of the appellant's infirmities, there could be no recovery unless the negligence was such as would have resulted in injury to a person in sound health. This is not the law. A common carrier of passengers is bound to know that the aged and infirm may be passengers, and if they are injured through its negligence, it is liable in damages for the injury sustained. This being true, I cannot agree with the conclusion reached by the majority. In order to affirm the judgment, we must presume that the plaintiff's evidence did not make a *prima facie* case of negligence. The record before us negatives that presumption. We must assume, I think, as do counsel for the respondent in their brief, that evidence was presented to the jury that called forth the instructions. I think that it must be presumed from the record that the instructions were based upon the evidence, and that, in denying a motion for a new trial, the court adhered to the view of the law which it had theretofore announced to the jury. In other instructions the court had correctly stated that the law holds a common carrier of passengers to the "highest practicable degree of care; the utmost care and diligence consistent with reason and practicability." I think the instructions as an entirety fail to correctly state the law, and that they are misleading.

I therefore dissent.