[No. 9415. *En Banc.* January 15, 1912.]

## D. M. MORGAN et al., *Appellants*, v. BANKERS TRUST COMPANY, *Respondent*.[1]

APPEAL—REVIEW — HARMLESS ERROR — PRESUMPTIONS. The presumption of prejudice from error in instructions on the issues presented by the pleadings is overcome by the presumption in favor of the judgment, where the evidence on which the verdict was based is not brought up on appeal (CHADWICK, GOSE, ELLIS, and MORRIS, JJ., dissenting).

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 29, 1910, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained by a passenger in an elevator. Affirmed.

*Hayden & Langhorne*, for appellants.

*Kerr & McCord* and *Hudson & Holt* (*Charles Arnold*, of counsel), for respondent.

[1]Reported in 119 Pac. 1116.

ON REHEARING.

PER CURIAM.—A petition for rehearing in this case having been granted, argument thereon before the court *en banc* was heard on December 28, 1911. A majority of the court being of the opinion that the judgment should be affirmed, for the reason stated in the majority opinion of department one, rendered June 8, 1911, 63 Wash. 476, 115 Pac. 1047, it is so ordered.

CHADWICK, J. (dissenting)—The dissenting opinion written by Judge Gose when this case was first decided (63 Wash. 476, 115 Pac. 1047) so clearly indicates the error of the majority that, to add another reason for a reversal of the judgment, may be considered a work of supererogation on my part.. But the court has gone so far afield that, in conscience, I cannot allow this case to pass without recording a protest against what I conceive to be a misapprehension of the law, as well as a denial of the legal right of plaintiff to have the merit of her case passed upon by this court. The rules announced in the majority opinion are good rules when properly applied. Judge Parker rightly says that the exact question presented on this appeal has never been passed upon by this court; but finds support for his conclusion that the judgment of the lower court should be affirmed by reference to certain cases which, in his judgment, "by analogy, support" the majority opinion. These cases are generally correct, and were pronounced in order to do justice, not to defeat it. This case is simple, and in my opinion the opinion of the court does not touch the true issue. The majority says that,

"We are led to conclude, in the absence of evidence upon which the verdict and judgment were rendered, the presumptions in support of the judgment overcome the presumption of prejudice arising from erroneous instructions in this case, assuming for argument's sake only that the instructions complained of do not correctly state the law."

Reference to Judge Gose's dissenting opinion will disclose the character of the instructions complained of, and the error of the majority lies in this: that they assume that the instructions are correct statements of legal propositions that might apply to some state of facts, whereas the instructions do not state legal propositions, and therefore could not apply to any conceivable state of facts. No judge on earth could sustain them on any theory of the law, or apply them to any possible condition in human affairs, without inviting the just criticism of the profession. Indeed, counsel do not seriously contend that the instructions state the law under any state of facts. Then, why have a statement of facts that will admittedly show plaintiff to have been a weak and neurasthenic woman, when the conception of the case by the trial judge was so erroneous that we would not take the trouble to read it? If appellant was in bad health, the instructions are unsound. If she was in good health at the time of the injury, the instructions are immaterial to any issue, and prejudicial. Does it require a statement of facts to demonstrate this? The rule is—I state it because the majority has not seen fit to do so:

"When the evidence is not in the record, the court will go a great way to sustain the judgment of the circuit court. If, upon any probable state of facts, the instructions complained of would be correct, the acceptance of such facts will be presumed. But if the instructions are in themselves radically wrong, under any state of facts, directing the minds of the jury to an improper basis on which to place their verdict, it would be hazardous to presume that the jury had, notwithstanding such erroneous instructions, arrived at the correct conclusion." *Murray v. Fry,* 6 Ind. 371.

See, also, *Grantz v. Deadwood,* 20 S. D. 495, 107 N. W. 832; *Myers v. Longstaff,* 14 S. D. 98, 84 N. W. 233; *Galveston H. & S. R. Co. v. Perkins* (Tex. Civ. App.), 73 S. W. 1067; *Rapp v. Kester,* 125 Ind. 79, 25 N. E. 141; *Lindley v. Dempsey,* 45 Ind. 246; *Evans v. Gallantine,* 57 Ind.

367; *Terry v. Shively*, 64 Ind. 106; *Willis v. State*, 27 Neb. 98, 42 N. W. 920; *Godfrey v. Hutchinson Wholesale Grocer Co.*, 12 Okl. 459, 71 Pac. 627.

The judgment of the lower court should be reversed, and this case remanded for a new trial.

GOSE, ELLIS, and MORRIS, JJ., concur with CHADWICK, J.