[No. 31218. *En Banc.* March 30, 1950.]

GEORGE E. ELLEFSEN *et al., Appellants,* v. SINCLAIR B. WILT
*et al., Respondents.*[1]

*Ray R. Greenwood* and *Neil J. Hoff,* for appellants.

*Elliott & Lee,* for respondents.

HILL, J.—A five-year-old child dashed onto a highway in
front of a rapidly moving automobile. The motorist applied
his brakes and swerved, but the child was hit and killed.
The legal speed limit at that time and place was fifty miles
an hour.

The parents brought this action for damages, alleging
negligence in that the motorist was traveling at a speed in
excess of fifty miles an hour and was operating his car in
such manner as to be unable to control it under the circum-
stances then and there existing. They appeal from a judg-
ment of dismissal entered after a verdict for the defendant
motorist.

[1]Reported in 217 P. (2d) 318.

The sole question raised on this appeal relates to the giving of one instruction and the failure to give another in lieu thereof.

■ All that the evidence established was that there had been a most regrettable but unavoidable accident. The jury must have found either that the motorist was not exceeding the speed limit or that, if he was, his speed was not a proximate cause of the accident; and that conclusion seems inescapable to us.

If the motorist was not guilty of negligence *per se* by reason of driving beyond the legal speed limit, he did nothing that a reasonably prudent and cautious driver would not have done. In short, we are of the opinion that the jury returned the only verdict possible under the evidence, and had it rendered any other it would have been the duty of the trial judge to set it aside.

■ We have held in a long line of cases, beginning at least as early as *Davis v. Gilliam,* 14 Wash. 206, 44 Pac. 119, that when no other verdict than that rendered by the jury could be permitted to stand, it is unnecessary to determine whether the trial court erred in giving or refusing to give an instruction. See *Secor v. Oregon Imp. Co.,* 15 Wash. 35, 45 Pac. 654, 17 Ann. Cas. 914; *Kirkland Land & Imp. Co. v. Jones,* 18 Wash. 407, 51 Pac. 1043; *Kellogg v. Cook,* 18 Wash. 516, 52 Pac. 233; *Denny v. Kleeb,* 40 Wash. 634, 82 Pac. 920; *Morgan v. Bankers' Trust Co.,* 63 Wash. 476, 115 Pac. 1047.

■ Another long line of cases based on the same reasoning holds that where no other verdict than that rendered by the jury could be permitted to stand, errors in instructions given or refused are not material and cannot be made the basis for granting a new trial. A number of these cases are cited in *Sellman v. Hess,* 15 Wn. (2d) 310, 130 P. (2d) 688; and two later decisions are *Kalinowski v. Young Women's Christian Ass'n,* 17 Wn. (2d) 380, 135 P. (2d) 852,

and *Gibson v. California Spray-Chemical Corp.*, 29 Wn. (2d) 611, 188 P. (2d) 316.

The judgment on the verdict is affirmed.

SIMPSON, C. J., BEALS, ROBINSON, SCHWELLENBACH, MALLERY, HAMLEY, and DONWORTH, JJ., concur.

GRADY, J. (concurring in the result)—I concur in the result, but not upon the grounds set forth in the opinion. I think the jury was not sufficiently informed as to the duties of the driver of the automobile as prescribed by Rem. Supp. 1947, § 6360-64(1). I am of the opinion, however, that this court is able to say after an examination of the record that the error of nondirection was not so prejudicial as to require the granting of a new trial.