[No. 2594. Decided June 22, 1897.]

ROBERT E. BISBEE, *Respondent*, v. GEORGE W. CAREY *et al.*, *Defendants;* THE FIRST NATIONAL BANK OF NORTH YAKIMA, *Appellant*.

MORTGAGES — FORECLOSURE — PARTIES — ESTOPPEL.

Where the execution of a deed and of a purchase money mortgage of the same premises are contemporaneous, the lien of a judgment creditor of the grantee is inferior to that of the mortgagee; and such judgment creditor is a proper party defendant upon foreclosure of the mortgage.

The recital in a mortgage that it was given for a loan will not estop the mortgagee, as against a judgment creditor of the mortgagor claiming a lien, from proving that it was in fact a purchase money mortgage, when there is no showing that the judgment creditor knew of such recital and acted upon the faith of it to his detriment.

Appeal from Superior Court, Spokane County.—Hon. JAMES Z. MOORE, Judge. Affirmed.

*Crow & Williams*, for appellant.
*Danson & Huneke*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was instituted by the plaintiff and respondent, Bisbee, against defendants George W. Carey, Lucy M. Carey, C. J. Brown & Company (a corporation), and the First National Bank of North Yakima, appellant, to foreclose a mortgage deed on real estate. The complaint is the ordinary one in fore-closure, and, among other things, avers that on July 22, 1892, the respondent owned the real estate in the mortgage deed described, and on said date sold and conveyed the same by warranty deed to the said George W. Carey, for $1,200; that said deed was delivered August

10, 1892; that at the time of the delivery, and as a part of the same transaction, Carey and wife executed and delivered to the plaintiff the bond and mortgage deed upon which this action is .based, to secure the payment of said $1,200, being purchase money.

The allegation in regard to the appellant is that it has some claim, lien or interest in or to the real estate, subsequent and subject to the plaintiff's lien.

The answer of the appellant is comprised of certain denials of the allegations in said complaint, and alleges affirmatively that the appellant on June 20, 1891, obtained in the superior court of Yakima county a judgment against the said defendant, George W. Carey, and that a transcript of said judgment was on the 28th day of May, 1892, filed for record in the office of the county auditor of Spokane county, Washington, and was duly recorded; that respondent conveyed and delivered to the defendant Carey, by warranty deed, the real estate in dispute, on July 28, 1892; that on July 8, 1895, appellant caused an execution to issue out of the superior court of the state of Washington for Yakima county, to the sheriff of Spokane county, and that under said execution said real estate was sold to the appellant on the 13th day of August, 1895, for $1,400, and that said sale was afterwards duly confirmed; that appellant, in purchasing said property, relied upon the records of Spokane county, Washington, which showed the judgment to be a first lien on said real estate, and also relied upon certain recitals and covenants contained in plaintiff's pretended mortgage, the covenants being as follows:

" Said parties of the first part are justly indebted to the party of the second part in the principal sum of $1,200 lawful money of the United States of America, being for a loan thereof, made by said party of the second part to said parties of the first part."

15—17 WASH.

Appellant's answer also alleged that the appellant's claim and title in and to said real estate was adverse and paramount to respondent's mortgage, asserted that this was not a proper action in which to litigate said title, and that the appellant was not a proper party thereto, and moved the court to dismiss it from this action for that reason. This motion was denied. All of the defendants except the appellant failed to appear in the action and were defaulted.

The material findings of the court were in substance: That the appellant was the owner in fee simple of the lots in controversy on the 22d day of July, 1892, and on said day executed a warranty deed conveying said described real estate to defendant George W. Carey for and in consideration of the sum of $1,200, which said deed was delivered to Carey on the 10th day of August, 1892; that at the time of delivering said deed and as a part of the transaction thereof, and as evidence of the purchase money therefor, said defendants, George W. Carey and Lucy M. Carey, on said August 10, 1892, executed and delivered to plaintiff the mortgage in question; that the said deed and mortgage were duly recorded on the 10th day of August, 1892, in the auditor's office of Spokane county.

To these findings of fact the appellant made and filed written exceptions. The testimony in this case is brief and we have examined it with care, and from such examination are convinced that the findings of the court were fully justified, and such conclusion decides adversely to the appellant's interest the most of his assignments, the first assignment being that the court erred in not dismissing the action for the reason that the appellant's claim was an adverse and paramount title and could not be litigated in this foreclosure suit. We think, under the find-

ings of the court in this case, that the execution of the deed and of the mortgage were contemporaneous, and that, under all the authorities, the defendant was a proper party to this action. 2 Jones, Mortgages (4th ed.), § 1364; *California Safe Deposit, etc., Co. v. Cheney Electric Light Co.*, 12 Wash. 138 (40 Pac. 732); *Pennsylvania Mortgage Inv. Co. v. Gilbert*, 13 Wash. 684 (43 Pac. 941).

The only real question in this case is whether the respondent was estopped by the recital in the mortgage that the $1,200 was a loan made by the said party of the second part to the said parties of the first part. It may be conceded under the authorities that the parties are bound by recitals in deeds, but with this qualification, that the party pleading the recital must show that he acted upon the strength and faith of such recital to his detriment, and it is well settled that the representation of the party to be estopped must have been really acted upon, otherwise no estoppel arises. Bigelow, Estoppel (5th ed.), pp. 566 and 570; 7 Am. & Eng. Enc. Law, p. 17, and cases cited; *Ketchum v. Duncan*, 96 U. S. 666.

So the particular question here is: Does the testimony show that the appellant relied upon the recitals of this deed in making purchase of these lots? It is alleged in appellant's answer that he did so rely, but the testimony, it seems to us, utterly fails to show any such reliance. Mr. Steinweg, the cashier of the bank, who testified that he acted for the bank in the matter all the way through, it is true testified in general terms in his direct examination that he relied upon the facts shown in the record in making the purchase of the property, but on cross-examination testified that he never had seen the record, but only an abstract of the title, which had been sent to him by his attorneys. It is not probable, nor did Mr. Steinweg testify, that the abstract contained the recital which is urged here

as an estoppel. In the absence of any testimony to the effect that the respondent acted upon this recital in the purchase of the land, we do not think there was any authority that would estop the respondent from showing the facts in the case.

We are unable to discover any error in this cause, and it will therefore be affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.