[No. 2796.  Decided February 18, 1898.]

THE STATE OF WASHINGTON, *on the Relation of P. H. Winston, Attorney General, Appellant,* v. E. H. MOR-RISON *et al., Respondents.*

OWNERSHIP OF LAND BY ALIENS — LEASE FOR TERM EQUIVALENT TO CONVEYANCE — VALIDITY.

Under article 2, section 33, of the state constitution, prohibiting the ownership of lands by aliens and declaring void the conveyance to them of lands, except such as contain valuable deposits of minerals, metals, iron, coal or fire clay, and the necessary land for mills and machinery to be used in the development thereof, a lease of lands not falling within such exception for a period of ninety-nine years is for such an unreasonable term, as to fall within the meaning and spirit of the constitutional prohibition against alien ownership. (ANDERS, J., dissents.)

, Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge.  Reversed.

*Patrick Henry Winston,* Attorney General, for appellant.

*Cyrus Happy,* and *Graves, Wolf & Graves,* for respondents.

The opinion of the court was delivered by

GORDON, J.—This action was brought in the superior court of Spokane county by the state on the relation of the attorney general to set aside a lease of realty made by the respondent Morrison to his co-respondent, Stewart—an alien who has not declared his intention to become a citizen of the United States—for the term of ninety-nine years.  It is the contention of the plaintiff (appellant here) that the lease is in violation of the prohibition contained in section 33, article 2, of the state constitution, which is as follows:

" The ownership of lands by aliens, other than those who in good faith have declared their intention to become citizens of the United States, is prohibited in this state, except where acquired by inheritance, under mortgage or in good faith in the ordinary course of justice in the collection of debts; and all conveyances of lands hereafter made to any alien directly, or in trust for such alien, shall be void; *Provided,* That the provisions of this section shall not apply to lands containing valuable deposits of minerals, metals, iron, coal or fire clay, and the necessary land for mills and machinery to be used in the development thereof and the manufacture of the products therefrom. Every corporation, the majority of the capital stock of which is owned by aliens, shall be considered an alien for the purposes of this prohibition."

The lower court sustained a demurrer to the complaint, and the present appeal is from that order and the judgment dismissing the action. It is conceded that the premises described in the lease do not fall within any of the exceptions enumerated in the proviso contained in the foregoing section. Respondent contends that it is only *absolute ownership* of certain kinds of realty which is prohibited; that the word " conveyance " means the transfer of title to another and the instrument by which this is done. The question for determination is, what is the meaning of the section of the constitution under consideration? We have not been referred to a case at all similar to the one we are now considering. We think that the section must be given a reasonable interpretation. If a lease for a term of ninety-nine years can be sustained, then why not one for nine hundred and ninety-nine years? And it would seem to require little argument to demonstrate that if a lease for such a term can lawfully be made to an alien the constitutional prohibition against ownership of lands in this state by aliens becomes meaningless, and parties may indirectly accomplish a result which they are forbidden to do directly.

After a vain search for authority bearing directly upon the question we have concluded that a lease of lands in this state to an alien for a reasonable term might be upheld, but that the lease in question is for an unreasonable term, and consequently void. Whether under our constitution the land is forfeited to the state or the conveyance is merely to be held void are questions not discussed in the briefs, and we will not at present undertake to determine them. It follows that the order and judgment of the superior court must be reversed, and the cause remanded with instructions to overrule the demurrer.

SCOTT, C. J., and DUNBAR and REAVIS, JJ., concur.

ANDERS, J.—I dissent. It seems clear to me that the language of the constitutional prohibition of ownership of lands by aliens cannot fairly be construed so as to preclude aliens from occupying and using lands in this state in pursuance of a contract with the real owner.

A lessee is not an owner of the demised premises, and whatever his rights therein may be, they cannot be said to constitute ownership. An owner of real property is one having a legal and valid title to it. But a lessee is, in most cases, not even permitted by law to dispute the title of his lessor.

I think the judgment should be affirmed.