[No. 2797.   Decided March 7, 1898.]

THE STATE OF WASHINGTON, *on the Relation of P. H. Winston, Attorney General, Appellant,* v. THE HUDSON LAND COMPANY *et al., Respondents.*

OWNERSHIP OF LANDS BY CORPORATIONS COMPOSED OF ALIENS — CONSTITUTIONAL LAW.

Under the constitutional provision prohibiting alien ownership of lands in this state and declaring that every corporation, a majority of whose stock is owned by aliens, shall be deemed an alien for the purposes of such prohibition, conveyances to a corporation, a majority of whose stockholders are aliens, may be avoided at the suit of the state, although at the time the conveyance was made a majority of the stockholders may have been citizens of the United States.

A lease of lands to an alien for the period of forty-nine years is void under the constitutional prohibition against alien ownership of lands, since such persons cannot be allowed to accomplish indirectly that which they are forbidden to do directly.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge.   Reversed.

*P. H. Winston,* Attorney General, for The State.

*Cyrus Happy,* and *Graves, Wolf & Graves,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by the state on the relation of the attorney general to declare void certain conveyances of realty made by defendants Harriette N. MacDonald and D. W. MacDonald to the Hudson Land Company, a corporation, upon the ground that said corporation is an alien under § 33, art. 2, of the constitution of the state of Washington.   It is conceded that at the time the property was conveyed a majority of the stock of the

corporation was owned by citizens of Washington, but that thereafter a majority of the stock was transferred to, and is now held by, aliens. One parcel of the realty was conveyed absolutely to the company, while another was leased for forty-nine years. To the relator's complaint setting up these facts a general demurrer was interposed, which was sustained by the lower court. The relator electing to stand on his pleading, judgment was rendered against him, from which judgment this appeal is prosecuted. We think the court erred in sustaining the demurrer to this complaint. This court in the case of *State ex rel. Attorney General v. Morrison*, 18 Wash. 664 (52 Pac. 228), held that a lease to aliens for ninety-nine years was void for the reason that it was in contravention of the provisions of the article of the constitution above referred to, and because parties would not be allowed indirectly to accomplish a result which they are forbidden to do directly, and we think the same reasoning applies to this case. The language of the constitution is as follows:

" The ownership of lands by aliens, other than those who in good faith have declared their intention to become citizens of the United States, is prohibited in this state, except where acquired by inheritance, under mortgage or in good faith in the ordinary course of justice in the collection of debts; and all conveyances of lands hereafter made to any alien directly, or in trust for such alien, shall be void; *provided*, that the provisions of this section shall not apply to lands containing valuable deposits of minerals, metals, iron, coal or fire-clay, and the necessary land for mills and machinery to be used in the development thereof and the manufacture of the products therefrom. Every corporation, the majority of the capital stock of which is owned by aliens, shall be considered an alien for the purposes of this prohibition."

It seems to us that this language is not susceptible of construction. A plain policy was plainly enunciated by

the constitutional convention.   That policy was an inhibi-
tion of ownership of lands by aliens except as to the charac-
ter of lands specially mentioned in the proviso, and the
constitutional convention, having in mind no doubt the
attempt to evade this law which is made in this case, out
of an abundance of caution inserted the last provision, viz.:
that

"Every corporation, the majority of the capital stock of
which is owned by aliens, shall be considered an alien for
the purposes of this prohibition."

We can not understand what meaning could be at-
tached to this last provision of the act, if a cor-
poration, the majority of the capital stock of which
is owned by aliens, is allowed to become the owner of
lands.   It is contended by the appellant that, because a
majority of the stock of this corporation was owned by citi-
zens at the time the land was transferred to the corporation,
it would work an injury and a hardship upon the corpora-
tion and upon the owners of stock thereof to hold this
transfer void, and that, had it been the intention of the
constitutional convention to make such an application of
the law as this, language more explicit could, and surely
would, have been used.   We do not think that language
more explicit could have been used.   Presumably the mem-
bers of the constitutional convention regarded this ques-
tion as of great importance, and the article doubtless was
passed after careful consideration and revision;   and the
whole article shows that it was the intention of the law
that the ownership of lands by aliens should be prohibited,
and that it should be prohibited despite of subterfuges
which might be resorted to by aliens for the purpose of
becoming such owners;   and we have already seen the wis-
dom of the makers of the constitution in clothing this arti-
cle in language which is so plain that it is not susceptible of

judicial construction. First, attempts have been made, in the case just above referred to, by aliens to become owners of land through the medium of leases which in effect conferred ownership, and now the constitution is again sought to be avoided and benefits obtained under it by indirection which could not be obtained by direct action. We have no doubt that corporations have it within their power to protect themselves from the dire consequences and hardships which are suggested by appellant in his brief by reason of members of a corporation selling stock to aliens in the corporation; but, if they can not, our laws confer certain benefits on, and exemptions to, corporations which are valuable, and if men see fit to enter into corporations for the purpose of doing business instead of doing it as individuals, and accept the benefits which the law confers upon the corporation, they must also accept the burdens which are incident to a corporate investment. But outside of all this, when it once becomes the established law that deeds of this character are void, members of corporations will not be quick to obtain such deeds, and the hardships dilated on by the appellant will be more in theory than practice. But even if it be conceded that these hardships would have to be endured, the evident spirit of the constitution must be sustained. The broad doctrine is announced that the ownership of lands by aliens is inhibited. The exceptions to that rule are as plainly announced by the constitution. These transfers not falling within the exceptions, the conveyance must be held to be void. The lease for forty-nine years will be held void under the doctrine announced in *State ex rel. Attorney General v. Morrison, supra.*

The case will be reversed with instructions to the lower court to overrule the demurrer to the complaint.

SCOTT, C. J., and REAVIS, J., concur.

ANDERS, J. dissents.