[No. 25288. *En Banc.* August 20, 1935.]

L. V. BREWER, *Appellant,* v. L. N. ROSENBAUM *et al.,* *Respondents.*[1]

MILLARD, C. J., MITCHELL, MAIN, and BLAKE, JJ., dissent.

*Carkeek, McDonald & Harris,* for appellant.
*Tanner & Garvin,* for respondents.

TOLMAN, J.—By this action, the plaintiff sought the foreclosure of a real estate mortgage and the recovery of a deficiency judgment. After a trial on the merits

[1]Reported in 48 P. (2d) 566.

to the court, a decree was entered foreclosing the mortgage, but a deficiency judgment was refused as to certain of the defendants. The plaintiff has appealed, and by the errors assigned, he questions the rulings by which the personal liability of certain of the defendants was denied.

The facts, so far as now material, are substantially these: On March 11, 1926, for a valuable consideration, the defendants Rosenbaum and wife made and delivered to one Benninghofen their promissory note for $22,500, due on or before five years after date with interest, and at the same time executed a real estate mortgage to secure the payment of the note. On the next day after executing and delivering the note and mortgage, the Rosenbaums, by warranty deed reciting a consideration of ten dollars, conveyed the mortgaged premises to C. Edwin Davis, then the husband of Augusta B. Davis, the deed containing the provision, "Grantee assumes and agrees to pay mortgage of $22,500.00," etc. This deed was filed for record March 13, 1926 (the day after it was executed), at the request of one Rochester, whose connection with the transaction is not shown.

Three years later and on March 18, 1929, C. Edwin Davis and Augusta B. Davis, his wife, by warranty deed reciting a consideration of ten dollars, conveyed the mortgaged property to C. D. Bridges, Jr., and Otto F. Sutter. This deed also provided that the grantee should assume and pay the mortgage in question. This deed was promptly recorded at the request of Bridges, one of the grantees. Davis appears to have paid the interest accruing on the mortgage debt up until the time of the conveyance to Bridges and Sutter.

Shortly after the note and mortgage were executed, the payee and mortgagee duly assigned the mortgage

and the note thereby secured to the appellant, L. V. Brewer, who has ever since been the owner of both.

On December 7, 1931, after the note had matured by its terms, an extension agreement was entered between the appellant, as owner of the note and mortgage, described as party of the first part, and C. D. Bridges, Jr., Mona M. Bridges, his wife, and C. Edwin Davis, as parties of the second part, in which agreement it is recited that the note is due and unpaid, together with delinquent interest amounting to $195.62, and that there are unpaid taxes and special assessments against the mortgaged property in large amounts, which are delinquent. The agreement further recites:

"WHEREAS, on March 12, 1926, said C. Edwin Davis purchased the above described premises from L. N. Rosenbaum and wife and on March 22, 1929, said C. D. Bridges, Jr., and Mona M. Bridges, his wife, in turn purchased the said premises from C. Edwin Davis and desire that the first party extend the date of payment of the principal sum due under said mortgage.

"Now, THEREFORE, in consideration of the mutual covenants herein contained, it is hereby agreed:

"(1) The party of the first part will extend the time for payment of principal of the said mortgage for a period of three (3) years and nine (9) months from March 11, 1931, with interest thereon from March 11, 1931, at six per cent (6%) per annum, payable semiannually on the 11th day of March and September.

"(2) The parties of the second part acknowledge the continuance of the said mortgage indebtedness and each agrees to remain personally liable for the payment of same to the extent he would have been personally liable had this extension not been granted by the party of the first part, and although this agreement may not be executed by the original mortgagors or all persons liable for the payment of the original mortgage indebtedness.":

Default having occurred under the extension agreement, this action was instituted in March, 1932. The defendants Rosenbaum and wife were served outside of the state, entered no appearance in the cause, and no personal judgment was entered against them.

The trial court, having found the facts substantially as hereinbefore outlined, concluded therefrom:

"That plaintiff is not entitled to a personal judgment against defendants, C. Edwin Davis and Augusta B. Davis, or the community composed of said defendants, C. D. Bridges, Jr. and Mona M. Bridges, his wife, and the community composed of said defendants, and Otto F. Sutter and Mabel E. Sutter, his wife, and the community composed of said defendants, because the evidence introduced is insufficient to prove an assumption of the debt."

It is true that Davis and wife did not sign the deed by which they acquired title, and it is also true that no direct evidence was offered to the effect that they ever saw that deed or knew that it contained the assumption provision; but the deed was offered in evidence as the source of their title, and it was the only source shown by this record from which their title could come.

Presumably, Davis and wife claimed title from some source, since they paid interest on the mortgage, as the trial court found, and since they undertook to convey title to the property by warranty deed. One will not ordinarily assume the liability of executing a warranty deed to property to which he has no title; and the fact that Davis and wife, after paying interest on the mortgage for years, executed and delivered a warranty deed, certainly supports the inference that they were claiming title under the only deed in existence, so far as the record shows, which could give them title. That inference or presumption is no doubt rebuttable, but if Davis and wife claimed any other source of title,

it was their duty to produce evidence to support such a contention.

While we think the introduction in evidence of the deed from Rosenbaum and wife to Davis and wife, together with the other facts and circumstances shown, make a *prima facie* case and place the burden on Davis and wife to show that they never accepted that deed, yet we need not rest our judgment upon those facts alone. When C. Edwin Davis joined in the extension agreement, he acted for and on behalf of the community as well as himself; and in that agreement, in plain language, by reference to the date and by giving the name of his grantors, he fixed the Rosenbaum deed as the source from which the community received its title with absolute certainty, and just as certainly he showed that the title so conveyed had been accepted.

Very respectable authority supports the rule that recording alone is *prima facie* evidence of the delivery of a deed. 1 Devlin on Deeds (3d ed.), § 292, 509; 8 R. C. L. 1004. Here, of course, in order to bind Davis and wife, it was necessary to show both delivery and acceptance, and we are convinced beyond the peradventure of a doubt that both delivery and acceptance were shown sufficient to satisfy the most strict and technical rule.

In 2 Jones on Mortgages (8th ed.), § 940, it is said:

"The grantee is bound by accepting the deed. To create a liability on the part of the grantee to pay an existing mortgage, it is not necessary that he should sign the deed or any obligation; his acceptance of a deed imposing this obligation upon him is all that is necessary. . . . .

"By the acceptance of a deed which provides that the grantee shall assume and pay a specified mortgage, he binds himself as effectually as he would by executing the deed himself as an indenture. . . ."

We have expressly adopted this rule. *Federal Land Bank of Spokane v. Miller,* 155 Wash. 479, 284 Pac. 751.

The assumption clause in the deed is written in clear and explicit language and fully satisfies the rule mentioned in the case of *Perkins v. Brown,* 179 Wash. 597, 38 P. (2d) 253.

Of course, if one accepts a deed, he accepts the burdens as well as the benefits; and in the absence of mutual mistake, fraud, or some defense of like character, which must be established by clear and satisfactory evidence, it will be presumed that the grantee knowingly accepted all of the provisions of a deed under which he claims title. This is a familiar rule seemingly not denied by the respondents, and it need not be buttressed by the citation of authority.

As to the respondents C. D. Bridges, Jr., and wife, a like result must obtain. The deed to them contains a clear assumption clause, it was filed for record at the request of C. D. Bridges, Jr., but a few days after its execution, and the act of recording the deed is *prima facie* proof of the acceptance of that deed and of all of its terms. Hence, in the absence of any showing to the contrary, it must be held that there was a *prima facie* showing of acceptance by them.

We find, however, no fact established by the record showing acceptance by the defendants Otto F. Sutter and wife. As to them, the judgment must stand affirmed, but as to C. Edwin Davis and the community composed of C. Edwin Davis and Augusta B. Davis, his wife, and as to C. D. Bridges, Jr., and the community composed of C. D. Bridges, Jr., and Mona M. Bridges, his wife, the trial court erred in finding that a *prima facie* case had not been made.

The judgment, so far as it denies a right to a deficiency judgment against the parties indicated, must

be reversed, and the cause remanded for further proceedings.

The appellant will recover costs against respondent Davis and the community composed of Davis and wife, and against respondent Bridges and the community composed of Bridges and wife.

Reversed and remanded.

HOLCOMB, BEALS, STEINERT, and GERAGHTY, JJ., concur.

MITCHELL, J. (dissenting)—I dissent. The purpose of the appeal is not to subject the interests of defendants in land to the payment of the mortgage which was of record at the time they became interested in the title to the land, but to make them pay the debt of another to a third person on account of an assumption clause in the deeds to them. Such a contract, even if oral, is valid and, if established according to the quantum of proof required, will be enforced.

From the date of the case of *Ordway v. Downey*, 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892, thirty-seven years ago, until the majority opinion in the present case, we have consistently held, as stated in the recent case of *Perkins v. Brown*, 179 Wash. 597, 38 P. (2d) 253, that:

"The rule undoubtedly is that the obligation of a grantee to assume and pay a mortgage debt must be established by evidence that is clear and conclusive, and can not be established by inference. *Ordway v. Downey*, 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892; *Chaffee v. Hawkins*, 89 Wash. 130, 154 Pac. 143, 157 Pac. 35."

Of course, the burden of proof to that extent is upon the one who asserts the making of the contract, and, in my opinion, that burden has not been met in this case.

Independent of the so-called extension agreement in the case, the majority opinion adopts and applies the rule of "inference or presumption," though "rebuttable," and the opinion further says:

"While we think the introduction in evidence of the deed from Rosenbaum and wife to Davis and wife, together with the other facts and circumstances shown, make a *prima facie* case and place the burden on Davis and wife to show that they never accepted that deed, yet we need not rest our judgment upon those facts alone."

In my opinion, such facts and circumstances do not amount to proof at all, much less "make a *prima facie* case" against Davis and wife; but, more important, it is inconsistent and confusing to now introduce the rule of a *prima facie* case in this kind of a case, that must be established, not according to the rule of a preponderance of the evidence, nor by inferences, but "by evidence that is clear and conclusive."

Nor does the extension agreement of December 7, 1931, amount to even a scintilla of evidence in solving the real problem in this case, according to the effect given to that instrument, as it is discussed in the majority opinion. Concerning it, the majority opinion says:

"When C. Edwin Davis joined in the extension agreement, he acted for and on behalf of the community as well as himself; and in that agreement, in plain language, by reference to the debt and by giving the name of his grantors, he fixed the Rosenbaum deed as the source from which the community received its title with absolute certainty, and just as certainly he showed that the title so conveyed had been accepted."

*The question* in this case, however, does not concern the source from which Davis and wife received *title* to the land—without doubt, they received it by the deed

from Rosenbaum. But *the sole question* here as to Davis and wife is: *Did they know of and assent to a collateral agreement to pay a debt due by their grantor to a third person, contained in that deed?*

The majority opinion cites and quotes 2 Jones on Mortgages (8th ed.), § 940. That section states a multitude of rules that may not be well understood without considering the supporting cases mentioned. Another rule stated in that same section, however, is as follows:

"It is essential, however, that the purchaser should have *knowledge* of the fact that the deed contained a clause assuming payment of the mortgage, *and that he assented to the condition.*" (Italics mine.)

It is said that that portion of the text from 2 Jones on Mortgages (8th ed.), cited in the *majority opinion,* has been expressly adopted by us in *Federal Land Bank of Spokane v. Miller,* 155 Wash. 479, 284 Pac. 751. But upon the findings in that case, set out in the opinion, it clearly appears that the deed of conveyance by which E. A. Miller took title to the land contained the assumption clause, and

". . . that the defendant, E. A. Miller, accepted said deed *and recorded same in the office of the auditor of Benton county, Washington, in Book 46 of Deeds, page 558.*" (Italics mine.)

That the recording by the grantee himself of a deed containing an assumption clause is proof that the grantee knew of the collateral agreement contained in it, and assented to it, may be freely admitted. That is the proof and should be the reason why Bridges and wife are held in a deficiency judgment in this case —he physically accepted the deed in his favor as grantee and personally had it recorded. That, however, is the essential and necessary link wholly missing as to Davis and wife in this case.

Further, my views of this case are as follows:

On March 11, 1926, L. N. Rosenbaum and his wife,

for value, gave to P. Benninghofen their promissory note for $22,500, due five years from date, and secured the payment of it by a mortgage on real estate. The mortgage was recorded in the county auditor's office on the same day.

On March 12, 1926, Rosenbaum and wife, by deed, conveyed the real property to C. Edwin Davis, it being recited in the deed that the "grantee assumes and agrees to pay the $22,500 mortgage," further describing it. This deed was recorded in the auditor's office on March 13, 1926. There was no evidence that it was filed for record by or at the request of the grantee, nor was there any evidence that the instrument was ever delivered into the possession of the grantee.

On May 22, 1926, for a valuable consideration, P. Benninghofen assigned and delivered the mortgage to the plaintiff, L. V. Brewer, and at the same time endorsed and delivered to him the $22,500 note. Thereafter, until the trial of this case, Brewer was the owner and holder of the note and mortgage.

On March 18, 1929, C. Edwin Davis and his wife, by deed, conveyed the real property to C. D. Bridges, Jr., and Otto F. Sutter, it being recited in the deed that the grantees assume and agree to pay the mortgage of $22,500, further describing it. *This deed was filed for record in the county auditor's office by C. D. Bridges, Jr., one of the grantees,* on March 22, 1929.

On December 7, 1931, after the maturity of the note, a written instrument was signed by and between L. V. Brewer, party of the first part, and C. D. Bridges, Jr., and his wife, and C. Edwin Davis, parties of the second part, providing for an extension of time for the payment of the mortgage for a period of three years, upon terms set out in the instrument.

Three days later, December 10, 1931, C. D. Bridges,

Jr., and his wife, as vendors, entered into a written contract with Charles Hilberg and his wife for the sale to them of the real property, in which contract the purchasers assumed and agreed to pay the $22,500 mortgage. This contract was signed by Bridges, Jr., and his wife, and by Hilberg and his wife.

Thereafter, and before the commencement of this action, Hilberg and wife leased, and gave possession of, the premises to the defendant Nathan G. Creek.

C. Edwin Davis and C. D. Bridges, Jr., each paid certain amounts of interest on the mortgage note.

Upon default in meeting the terms of the note, this action was commenced to recover judgment on the note and to foreclose the mortgage.

Upon findings and conclusions made and filed, judgment was entered in favor of the plaintiff in the principal sum of $26,453.13, for attorneys' fees, and for costs against Charles Hilberg and his wife. It was further ordered and decreed that no personal judgment be given against L. N. Rosenbaum and wife, because they were served with process in the action outside of the state. It was further ordered and decreed that the mortgage be foreclosed and the property sold by the sheriff, the proceeds applied as provided by law and the practice of the court, and that plaintiff have a deficiency judgment against Charles Hilberg and his wife. It was further ordered and decreed that all of the defendants and all persons claiming by, through and under them be foreclosed of all right, title and claim to the real property, except the right of redemption.

The plaintiff has appealed because of the refusal of the trial court to provide for a deficiency judgment against C. Edwin Davis and wife, C. D. Bridges, Jr., and wife, and Otto F. Sutter and wife. C. Edwin

Davis and wife are the only respondents who have appeared in this court.

The action against the parties against whom a deficiency judgment is sought is declared upon the assumption clauses in the deeds. The appeal as to the respondents Davis and wife may be first considered. They deny that they agreed or assumed to pay the mortgage debt of their grantors. There is no evidence that the deed containing that clause was delivered to Davis and wife; it was not signed by either of them. A deed of conveyance of real estate is intended to convey real estate and not to express a collateral or other agreement by which the grantee undertakes to pay the grantor's debt to a third person, and, if it attempts to do the latter, it is essential that, in addition to the recitals to that effect, there must be evidence of the fact that the grantee or his agent knew, or had reason to suppose, that the deed contained such recitals, *and that he assented to them. Kellogg v. Cook,* 18 Wash. 516, 52 Pac. 233; *Blass v. Terry,* 156 N. Y. 122, 50 N. E. 953; *Thompson v. Dearborn,* 107 Ill. 87; *Rutland Savings Bank v. White,* 4 Kan. App. 435, 46 Pac. 29.

The fact that a deed containing an assumption clause is recorded is not *prima facie* evidence of its delivery and acceptance, though it may be such evidence when the deed does not establish any contract against the grantee. *Kellogg v. Cook,* 18 Wash. 516, 52 Pac. 233; *Thompson v. Dearborn,* 107 Ill. 87; *Parker v. Interstate Trust & Banking Co.,* 56 Fed. (2d) 792.

If a grantee pay on the principal as well as on the interest due on the mortgage, it would not indicate he had assumed and agreed to pay the debt. Such payments would indicate a desire to keep the lands as long as possible. *International Mortgage Bank v. Hachez,* 92 Wash. 180, 158 Pac. 991; *Hawkins &*

*Roberts, Inc. v. Jerman,* 147 Or. 657, 35 Pac. (2d) 248; *Citizens' Bank of Springfield v. Thomas,* 214 Mo. App. 581, 264 S. W. 86.

The conveyance by Davis and wife to Bridges, Jr., and Sutter, although it contains an assumption clause against the grantees, does not prove that Davis had ever agreed to pay the mortgage debt. In his pleading, he denied that he assumed and agreed to pay it, and there was no proof of such agreement. In the case of *International Mortgage Bank v. Hachez, supra,* in speaking of an assumption clause in a deed of conveyance, it was said:

"No explanation was offered as to how the assumption clause came to be inserted in the deed. It can be inferred, however, that it was copied from a preceding deed by the scrivener who drafted it."

The unexplained clause in the deed from Davis and wife to Bridges, Jr., and Sutter, taken in connection with the other facts in this case, is no evidence that anything transpired between Davis and Rosenbaum with reference to the payment of the mortgage. It created no estoppel against Davis and his wife. *Merriman v. Schmitt,* 211 Ill. 263, 71 N. E. 986.

Nor did signing the extension agreement constitute evidence of a valid obligation on the part of Davis to pay his grantor's debt to a third person. At the date of that instrument, December 7, 1931, Davis had no interest in the land, having theretofore conveyed it to Bridges, Jr., and Sutter. At the date of the extension agreement, Davis was not under any obligation to pay the mortgage, nor did he receive any consideration, new or otherwise, for signing that instrument.

There is no proof, *clear and conclusive,* or other kind, that at the time Davis signed the extension agreement he had seen the conveyance by which he took title to the land, or knew that it contained an assumption

clause. It is common practice for a grantee, who desires only the fee simple title to real property acquired by a man prior to marriage, in taking conveyance after the marriage of the owner, to have the owner's wife sign as a grantor with her husband. Similarly, the money lender here, as usual, in extending time for payment, desired all the promisors, though nominal only, he could get. Davis knew by the record that the land was subject to a mortgage when he bought it. He knew that, while he owned the land, in order to keep it as long as possible, he had paid interest on the mortgage, and it may be that, *erroneously,* like the judges who sign the majority opinion, he thought that he was personally liable, yet, in fairness and out of precaution against the claim now made against him, he had the instrument provide that, upon his signing it, his personal liability was to the extent it would have been "had this extension agreement never been granted," which, applied to the actual facts and the law in this case, amounted to nothing. It contains not the slightest admission or suggestion that, prior to or at the signing of it, Davis *knew of or assented to* the assumption clause; nor can it fairly be said to justify such an inference—the heretofore discredited rule in such cases. It created no liability, nor proof, clear and conclusive, or other kind, of existing liability.

The authorities cited by appellant need not, in my opinion, be fully reviewed. They follow the general rule, as stated in Devlin on Deeds (3rd ed.), § 292, that the registration of a deed is *prima facie* evidence of its delivery. The statement and cases cited to sustain it refer, as I understand, to deeds which are merely conveyances, and nothing more. But the same authority in § 293, subdivision (a), says:

"It may be stated as a general proposition that, if the deed contains any clause imposing an obligation

upon the grantee, its acceptance will *not* be presumed, as this would, in effect be placing a burden upon the grantee without his consent.'' (Italics mine.)

The case of *Ver Planck v. Lee,* 19 Wash. 492, 53 Pac. 724, is cited and relied on by the appellant. In that case, McClaine, appellant, had taken a conveyance containing an assumption clause, but in a letter to the mortgagee he specifically acknowledged and stated that he had assumed and agreed to pay the mortgage debt.

Other authorities cited on behalf of the appellant refer to situations essentially different from that presented by the facts in this case.

The appellant is not entitled to any personal judgment, nor right of deficiency judgment, against Davis and wife.

For the reasons stated above, in considering the case against Davis and wife, the same result and decision must follow as to Otto F. Sutter and wife. There is no proof in the record that they or either of them ever saw the instrument in which their names appear as grantees, or that they ever knew of, or assented to, the assumption clause in it.

A different conclusion should be reached, however, against C. D. Bridges, Jr., and his wife. The record shows that the deed to Bridges, Jr., and Sutter, containing an assumption clause, was executed on March 18, 1929, and filed for record in the county auditor's office ''at the request of C. D. Bridges, Jr., March 22, 1929.'' As heretofore seen, the insertion of an assumption clause in a deed would not of itself create a personal liability upon the grantee. In order to make that clause binding on the grantee, it is necessary to go one step further and show that he assented to it. This may be done by showing the grantee signed the instrument, thus making him a party to the contract, which was not

done in this case; or it may be done by showing that the deed was actually delivered to, and accepted by, the grantee, who placed it of record, whereby his assent to all that it contains will be inferred in like manner as if he had signed the instrument. This last rule, I think, is applicable here as to Bridges, Jr., and his wife, because he personally appeared at the auditor's office and requested that the conveyance to him be recorded.

The judgment should be reversed as to C. D. Bridges, Jr., and his wife, with directions to the superior court to enter a judgment providing for a deficiency judgment against them in the event the property ordered to be sold is insufficient to pay the judgment, costs and expenses. Appellant should not recover costs of the appeal against any of the other respondents. The judgment should be affirmed as to all of the other respondents. Respondents C. Edwin Davis and wife should recover their costs on the appeal against the appellant.

MAIN and BLAKE, JJ., concur with MITCHELL, J.

MILLARD, C. J. (dissenting)—I dissent. I am of the view that the judgment should be affirmed.